JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Elmer Trett pleaded guilty to one count of sexual battery and two counts of gross sexual imposition for incidents involving his daughter. The trial court sentenced Trett to a total of three years' incarceration and also adjudged him a sexual predator under R.C. Chapter 2950. In his sole assignment of error, Trett challenges his sexual-predator adjudication. He argues that the determination was based on insufficient evidence and was against the manifest weight of the evidence. He claims that, according to reports of psychologists, he can be helped by treatment and that the court improperly determined that he is likely to engage in future sexually-oriented offenses.[1]
While we acknowledge that Trett's potential to be helped by treatment is certainly a step in the right direction, we cannot conclude that the trial court erred in determining that Trett is likely to engage in future sexually-oriented offenses. The court based its determination on the victim's age, nine years old (or possibly younger), when the sexual abuse began, and on the fact that there appeared to be a demonstrated pattern of abuse. In fact, the record reveals that Trett had engaged in repeated sexual activity with his daughter for at least two years, and probably longer, and that Trett sought no treatment for his problems until after a police investigation of his activities had begun. One of the psychologists that evaluated Trett concluded that Trett is a pedophile with a "guarded" prognosis.
Based on our review of the record, we conclude that the court properly considered the statutory factors pertinent to a sexual-predator adjudication,[2] and that the court had sufficient evidence before it to produce a firm belief or conviction that Trett is a sexual predator.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judg-ment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
 To the Clerk:
Enter upon the Journal of the Court on October 20, 1999. per order of the Court _______________________________.
 _____________________ Presiding Judge
[1] See R.C. 2950.01(E).
[2] See R.C. 2509.09.